

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-30-2009

# Marvin Cobb v. L Weyandt

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2763

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Marvin Cobb v. L Weyandt" (2009). *2009 Decisions.* Paper 19.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/19

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-069                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2763
_____

MARVIN JOHN COBB,
                                                          Appellant

v.

MR. L. WEYANDT, Supervisor


_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-00085)
District Judge:  Honorable Kim R. Gibson

_____


Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 10, 2009
Before:   Barry, Fisher and Van Antwerpen, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 30, 2009)
_____

OPINION
_____

PER CURIAM

Marvin Cobb, a former federal prisoner proceeding <u>pro</u> <u>se</u>, appeals from the

District Court order granting the Defendant's motion for summary judgment.  Because the

1

appeal does not present a substantial question, we will summarily affirm.  See 3d Cir.

LAR 27.4; 3d Cir. IOP 10.6.

I

In 2007, while an inmate at FCI-Loretto, Cobb filed in the District Court a Bivens

action[1] against Weyandt, a work supervisor at the institution.  Cobb, a disabled veteran,

worked at the prison powerhouse beginning in 2005.  Cobb alleged that Weyandt, his

supervisor, discriminated against him in hiring and assignment decisions based on Cobb's

disability and status as a veteran.  In his complaint, Cobb raised claims under the

Americans with Disabilities Act, the Rehabilitation Act, and the Vietnam Veterans'

Readjustment Assistance Act, and sought compensatory and punitive damages.

Cobb was released in June 2008, while his action was pending in the District

Court.  The defendant later filed a combined motion to dismiss and motion for summary

judgment, arguing that Cobb failed to exhaust his available administrative remedies.  In

support of the motion, the defendant submitted an affidavit from a BOP paralegal who

attested to Cobb's failure to pursue the administrative remedy system.  The District Court

granted summary judgment for the defendant, and Cobb filed a timely notice of appeal.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291.  When reviewing a district

---

[1] See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

2

court's grant of summary judgment, we exercise plenary review, viewing the facts in the light most favorable to the non-moving party. Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008). We apply the same standard that governs in district court proceedings, under which "a party is entitled to summary judgment only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)).

Under the PLRA, no prisoner may file a civil action regarding the conditions of his confinement under any federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and prisoners must exhaust all "available" remedies, even when the specific relief sought cannot be granted as a result of the administrative process. Woodford v. Ngo, 548 U.S. 81, 85 (2006). Failure to employ the system of administrative remedies procedurally defaults any federal claim. See Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004). In determining whether the exhaustion requirement applies, courts look to whether plaintiff was a prisoner at the time of filing. See § 1997e(a); Witzke v. Femal, 376 F.3d 744, 750 (7th Cir. 2004); Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (en banc).

In granting the summary judgment motion, the District Court reasoned that Cobb's complaint was barred because he had not exhausted available administrative remedies.

3

Cobb did not dispute this fact, and in fact conceded it in his objections to the Magistrate Judge's report and recommendation. Cobb argued that administrative exhaustion was unnecessary for claims raised under the ADA – an argument the District Court properly rejected. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060-61 (9th Cir. 2007) (holding that the PLRA requires exhaustion of administrative remedies before an action may be brought under any federal law, including the ADA and Rehabilitation Act). Because it is clear that Cobb's complaint, filed during his incarceration, related to the conditions of his confinement and that he failed to exhaust available administrative remedies, we agree that the defendant was entitled to summary judgment.[2]

Accordingly, we will affirm the decision of the District Court.

4

---

[2] We also note that although Cobb was released in June 2008, he initiated proceedings in the District Court in April 2007, and his complaint alleged that some of the defendant's allegedly discriminatory conduct occurred as early as 2005. Thus, he had ample time to pursue and exhaust any available administrative remedies.